
FILED

2012 Dec-13  PM 02:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CLIFTON HENDERSON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| **ASSET MANAGEMENT** | ) | |
| **PROFESSIONALS, LLC, a corporation;** | ) | |
| **CIGPF I CORP. a corporation;** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

This is an action brought by the Plaintiff, Clifton Henderson, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendant transacted business here, and the Plaintiff resides here.

Page 1 of  16

## STATEMENT OF THE PARTIES

1.      Plaintiff, Clifton Henderson, is over the age of nineteen (19) years and is a resident of the city of Trussville in Jefferson County, Alabama.

2.      Defendant Asset Management Professionals, LLC. is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Georgia with its principal place of business in Woodstock, Georgia. Plaintiff asserts that, upon information and belief, Defendant Asset Management Professionals, Inc.. is a debt collector as that term is defined by the Fair Debt Collections and Practices Act at 15 U.S.C. §1692(a)(6).

3.      Defendant CIGPF I Corp. is and at all times pertinent herein was a foreign corporation organized under the laws of the state of New York and was doing business at all relevant times herein doing business itself or through its agents in the state of Alabama.

4.      All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### *Background*

5.      At some time prior to April 4, 2012, Defendant CIGPF I Corp.

(hereinafter referred to as "CIGPF") hired, retained or otherwise placed a debt it allegedly purchased with Defendant Asset Management Professionals, LLC (hereinafter referred to as "AMP") for the purposes of collection.

6.   Said account allegedly was a debt owed by Plaintiff to some other entity not a party to this lawsuit.

### *Collection Calls of April 4, 2012*

7.   On or about April 4, 2012, at approximately 8:30 a.m., an employee or agent of Defendant AMP calling herself "Ms. Ward" contacted Plaintiff while he was at work in an attempt to collect the debt allegedly owed to Defendant CIGPF.

8.   Plaintiff, employed by the City of Trussville as a police officer, told Ms. Ward that he was at work and that he could not talk with her.  At the time of the call, Plaintiff was on duty and in the process of training a fellow police officer.

9.   At this point in the telephone call, Ms. Ward became rude and demanded to know if Plaintiff could send the full amount of the alleged debt.  Plaintiff reiterated that he could not speak with Ms. Ward because he was at work.

10.   Plaintiff told Ms. Ward not to call again and ended the phone call.

11.   At approximately 8:34 a.m. on April 4, 2012, "Ms. Ward" called Plaintiff back and began screaming and yelling at Plaintiff that because he was a police officer did not mean that he did not have to pay his bills.

12.   Plaintiff asked Ms. Ward not to call him at work.  In response Ms. Ward stated that she would "call every five minutes" if she wanted to. and shouted at Plaintiff to "pay [his] bills."

13.   Ms. Ward was yelling loud enough that Plaintiff's fellow police officer whom he was training overheard the entire conversation.

14.   Plaintiff, at this point in the telephone call, asked to speak with Ms. Ward's supervisor.  He was connected to a man calling himself "Mr. Abraham."

15.   Plaintiff told Mr. Abraham about the rude and inappropriate phone calls he had received from Ms. Ward that morning.  In response Mr. Abraham stated that collectors "use different tactics."

16.   Plaintiff told Mr. Abraham that Ms. Ward was never to contact him again and that he wanted to speak with the legal department.  Mr.

Abraham told him that AMP did not have a legal department.

17.    At 8:44 a.m. on April 4, 2012, Ms. Ward called Plaintiff and reached his voicemail.  Ms. Ward's message essentially communicated Plaintiff's rights under the Fair Debt Collection Practices Act as the statute requires.

18.    At 8:46 a.m. on April 4, 2012, Cathy Jenkins, a co-worker of Plaintiff's who works in the Trussville Police Department's payroll office called Plaintiff.

20.    Ms. Jenkins told Plaintiff that Ms. Ward had called her that morning to verify his employment and then called again and told Ms. Jenkins that Plaintiff was not paying his bills and asked how to garnish Plaintiff's paychecks.

***Defendant Asset Management Professionals' continued collection efforts***

21.    On or about April 17, 2012, Plaintiff received a collection letter from AMP dated April 13, 2012.

22.    On or about May 9, 2012, Plaintiff wrote a letter to AMP stating that he could not receive personal calls at work, stating that AMP's collectors had called third parties about the alleged debt and he requested validation of the debt pursuant to the Fair Debt Collection

Practices Act.

23.    Plaintiff has not received a response to his letter of May 9, 2012.

24.    Despite Plaintiff's request that AMP send him validation of the debt they are attempting to collect, AMP continued collection efforts.

25.    A person calling herself "Ms. Lewis" called Plaintiff on May 22, 2012 at approximately 8:08 in the morning.  Ms. Lewis left a message for plaintiff on his voicemail.  The message stated as follows:

> Mr. Henderson, good morning this is Ms. Lewis trying to reach you from our Finalizations and Negotiations Department here at Asset Management Professionals. Sir, we need you to return this call.  We have left several messages for you.  These are not going to go away.  This is a debt you have incurred and you need to get this taken care of.  We are just trying to allow you some availability in regards to possibly rectifying this with a settlement negotiation offer.  You need to do the right thing. You would think that a person of yourself would actually try to do the right thing with what you do.  Federal law does mandate us to advise you that this is an attempt to collect on this debt any and all information obtained is solely used for client's purpose.  The number is 1-888-355-7515, the direct extension that you can reach any time you can call here from 8 AM to 9 PM Monday through Friday and we would appreciate for you to do the right thing, sir.  And we would appreciate that.  You have a blessed day.

26.    On June 7, 2012, Plaintiff wrote to AMP again requesting validation.

27.    Plaintiff has not received any response to his June 7, 2012 letter.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

28.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.  The foregoing acts and omissions of Defendant AMP and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

30.  As a direct and proximate result of the wrongful conduct visited upon him by AMP in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

31.  As a result of Defendant NCS's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant AMP.

### COUNT TWO

## NEGLIGENCE

32.    Plaintiff incorporates by reference all of the above paragraphs of this
       Complaint as though fully stated herein.

33.    Defendants and their employees or agents failed to prevent and/or
       negligently participated in improper collection activities in the course
       of collecting debts allegedly owed by Plaintiff.

34.    Defendant AMP and its agents and employees owed a duty to the
       Plaintiff to not violate the FDCPA and also not to cause him harm in
       the course of collecting debts allegedly owed by Plaintiff.

35.    Defendant AMP through its agents and employees breached that duty
       causing Plaintiff harm, including but not limited to, worry, stress,
       anxiety, embarrassment, physical pain, mental anguish and emotional
       distress.

36.    AMP's employees and agents' negligent acts and omissions were
       done within the scope of employment and within the line and scope of
       job duties with AMP.

## COUNT THREE
## WANTONNESS

37.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

38.   Defendants or their employees or agents acted or failed to act with a

reckless or conscious disregard of the rights of Plaintiff with an

awareness that harm likely or probably would result.

39.   As a result of Defendants' wanton conduct, Plaintiff suffered harm

including, but not limited to, stress, anxiety, embarrassment, physical

pain, mental anguish and emotional distress.

40.   Defendants' employees or agents were acting within the line and

scope of their employment when they caused Plaintiff's harm.

**COUNT FOUR**
**NEGLIGENT TRAINING AND SUPERVISION**

41.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

42.   The Defendants knew or should have known of the conduct set forth

herein which was directed at and visited upon Plaintiff.

43.   The Defendants knew or should have known that said conduct was

improper and violated the law.

44.   The Defendants negligently failed to train and/or negligently failed to

supervise their employees or agents in order to prevent said improper

and illegal conduct.

45.    Defendant AMP negligently failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

46.    As a result of Defendants' negligence, Plaintiff suffered harm including, but not limited to, stress, anxiety, embarrassment, physical injury, mental anguish and emotional distress.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

47.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.    The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

49.    The Defendants knew or should have known that said conduct was improper and violated the law.

50.    The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

51.    Defendant AMP recklessly and wantonly failed to train and supervise its collectors with regard to the requirements and prohibitions of the

FDCPA.

52. As a result of Defendants' reckless and wanton conduct, Plaintiff

suffered harm including, but not limited to, stress, anxiety,

embarrassment, physical injury, mental anguish and emotional

distress.

**COUNT SIX**
**INVASION OF PRIVACY**

53. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

54. Congress explicitly recognized a consumer's inherent right to privacy

in collection matters in passing the Fair Debt Collection Practices

Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the
>
> number of personal bankruptcies, to marital instability,
>
> to the loss of jobs, and **to invasions of individual**
>
> **privacy.**

15 U.S.C. § 1692(a) (emphasis added).

55. Defendants and/or their agents intentionally and/or negligently

interfered, physically or otherwise, with the solitude, seclusion and or

private concerns or affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

56.   Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

57.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

58.   The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that same position.

59.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to punitive and actual damages in an amount to be determined at trial from each and every Defendant.

**COUNT SEVEN**
**DEFAMATION**

60.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.   The employee or agent of AMP calling herself "Ms. Ward" intentionally and falsely represented that Plaintiff was not paying his bills and implied that she had the authority to garnish Plaintiff's wages.

62.   Said false representations made by AMP's employee or agent were injurious to Plaintiff's reputation in the community.

63.   Said false representations made by AMP's employee or agent were not privileged and were not consented to by Plaintiff.

64.   AMP's employee or agent's defamation of Plaintiff was willful and with malice.  AMP's employee or agent did not have any reasonable basis to believe that she had any right or authority to garnish Plaintiff's wages.

65.   The obvious intent of said defamation was to shame Plaintiff into paying a debt that he likely does not owe and to frighten Plaintiff into believing that AMP could immediately garnish his wages.

66.   As a direct and proximate result of the wrongful conduct visited upon him by AMP in its collection efforts, Plaintiff suffered actual

damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

### *Respondeat Superior Liability*

67.   At all times relevant herein, Defendant AMP and its employees and agents acted as the agent of Defendant CIGPF.  The acts and omissions of Defendant AMP and its employees and agents were committed within the scope of AMP's agency relationship with CIGPF.

68.   The acts and omissions by AMP and its employees and agents were incidental to, or of the same general nature as, the responsibilities AMP was authorized to perform by Defendant CIGPF in the collection of consumer debts such as the consumer debts allegedly owed by the Plaintiffs.

69.   By committing these acts and omissions against the Plaintiff, Defendant AMP's agents and employees were motivated to benefit AMP's principal, Defendant CIGPF.

70.   Defendant CIGPF is therefore liable to Plaintiff through the doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agent, AMP, in AMP's attempts to collect the alleged debts from Plaintiff.

**DAMAGES**

Plaintiff alleges that as a direct and proximate result of the Defendants' acts alleged herein, Plaintiff was caused to incur mental and emotional suffering, frustration, worry, anguish, embarrassment, inconvenience, physical pain, outrage and anxiety.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendant Asset Management Professionals, LLC's conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees from Asset Management Professionals, LLC for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**<u>PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY</u>**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**PATE & COCHRUN, L.L.P.**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@plc-law.com

**PLAINTIFF'S ADDRESS:**
Mr. Clifton Henderson
459 Main Street 101-453
Trussville, AL 35173

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN
RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

**ASSET MANAGEMENT PROFESSIONALS, LLC**
c/o Michael Rosenthal
665 Molly Lane, Ste. 110
Woodstock, GA 30189

**CIGPF I CORP.**
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange St.
Wilmington, DE, 19801